**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50019 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02822-LAB |
| v. | |
| OSCAR NOE PARADA-CALDERON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Oscar Noe Parada-Calderon appeals from the district court's judgment and

challenges the 12-month sentence and three-year term of supervised release

imposed following his guilty-plea conviction for being a removed alien found in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Parada-Calderon contends that the district court erred by failing to provide notice under Federal Rule of Criminal Procedure 32(h) of its intent to depart upwards. The record does not support Parada-Calderon's contention that the district court applied an upward departure under either U.S.S.G. §§ 4A1.3(a)(1) or 5K2.0(a)(2). Instead, the court imposed an upward variance based on the 18 U.S.C. § 3553(a) factors. Therefore, it was not required to give notice under Rule 32(h). *See Irizarry v. United States*, 553 U.S. 708, 714-16 (2008).

Second, Parada-Calderon contends that the district court procedurally erred by imposing the sentence based on clearly erroneous facts, namely, that he sold drugs while in the United States. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The record does not support this contention. Although the district court initially stated that Parada-Calderon sold drugs in the United States, it subsequently recognized that the documents of conviction were ambiguous as to that question. Moreover, the district court did not err in assessing the seriousness of Parada-Calderon's prior convictions.

Third, Parada-Calderon contends that the sentence is substantively unreasonable in light of the mitigating factors he presented at sentencing and the

need to avoid unwarranted sentencing disparities.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Parada-Calderon's criminal record and immigration history.  *See Gall*, 552 U.S. at 51.  Moreover, the district court did not abuse its discretion by imposing the term of supervised release as an added measure of deterrence.  *See* U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

**AFFIRMED.**